**James BRENNAN, et al., Plaintiffs,**

v.

**The CITY OF LEOMINSTER, et al., Defendants.**

**No. CIV.A. 98–40105–NMG.**

United States District Court, D. Massachusetts.

Aug. 6, 1998.

John Reinstein, Civil Liberties Union of Massachusetts, Boston, MA, for Plaintiffs.

Joseph L. Tehan, Jr., Katharine I. Goree, Kopelman & Paige, P.C., Boston, MA, for Defendants.

**MEMORANDUM AND ORDER**

GORTON, District Judge.

Pending before this Court is the motion of the plaintiffs to transfer this case to the Eastern Section or, alternatively, to remand to state court (Docket No. 5).

### I. *Procedural History*

The plaintiffs, James Brennan of Leominster, Massachusetts and David Gardner of Lowell, Massachusetts, brought this action against the City of Leominster, Peter Roddy, Dwayne Flowers, Travis Vallee and Alan Anderson, all of Leominster, Massachusetts, alleging violations of their civil rights.

On June 11, 1998, the defendants removed this case from the Middlesex County Superior Court to the Central Section of the United States District Court for the District of Massachusetts. On June 16, 1998, the defendants filed an assented to motion to transfer the case to the Eastern Section. On June 19, 1998, this Court denied that motion and on July 1, 1998, the plaintiffs filed the instant motion.

## II. *Analysis*

■ The plaintiffs argue that this case must be transferred to the Eastern Section because removal to the Central Section was improper pursuant to 28 U.S.C. § 1441(a) and Local Rule 40.1(c).

Removal from state to federal court is governed by 28 U.S.C. § 1441(a) which allows removal to "the district and division embracing the place where such action is pending." The plaintiffs argue that the Central Section and the Western Section of the District of Massachusetts should be considered "divisions" for the purposes of removal. That argument is misguided.

The organization of district courts is governed by 28 U.S.C. §§ 81–144. The organizational structure of each district is explicitly broken down into divisions by statute. For example, Maryland "constitutes one judicial district comprising two divisions." 28 U.S.C. § 100.

In contrast, the statute governing the organization of the District of Massachusetts provides that "Massachusetts constitutes one judicial district." 28 U.S.C. § 101. The statute does not provide for divisions within the district. Accordingly, under the plain language of the statute, Massachusetts contains one judicial district, undivided, with no divisions therein. Consequently, the defendants did not remove this case to an improper "division".

■ Local Rule 40.1(c) provides, in part:

(1) For purposes of assignment of cases to the Worcester session of the court, Worcester County shall be known as the Central Section of the District of Massachusetts.

(2) Civil cases shall be assigned to the Worcester session of the court and all pleadings and documents therein shall be filed at the clerk's office in Worcester if:

(A) All of the parties reside in the Central Section of the district.

(B) All of the parties reside in the Central and Western Sections and the plaintiff(s) reside(s) in the Central Section.

(C) The only parties residing in Massachusetts reside in the Central Section.

(D) Any of the parties are the United States, the Commonwealth of Massachusetts, or any governmental agency of either the United States or the Commonwealth of Massachusetts and all other parties reside in the Central Section of the district.

* * *

(4) Any case may be transferred from Boston or Springfield to Worcester or from Worcester to Boston or Springfield upon consent of all the parties and the approval of the judge to whom the case was originally assigned, or on motion of any party for good cause shown.

The plaintiffs argues that Local Rule 40.1(c)(2) provides the only circumstances under which cases may be assigned to the Central Section. That reading is myopic. That section of the rule describes the circumstances under which cases *must* be assigned to the Central Section. By implication, cases *may* be assigned to the Central Section in other circumstances.

Six of the seven parties in this case reside in the Central Section. Although assignment to the Central Section is not compelled by Local Rule 40.1(c)(2), the parties in this case have a greater nexus to the Central Section than to the Eastern Section. In fact, the connection between this case and this Section is much stronger than that in the majority of cases appropriately assigned here.

Transfer of properly assigned cases is governed by Local Rule 40.1(c)(4). Although the parties have consented to a transfer, this Court does not and, as they sometimes say, the "ones" have it. Most of the parties reside in the Central Section, a transfer would not further the efficient performance of the

business of the court (*see* Local Rule 40.1(g)) and neither party has shown good cause for a transfer.[1]

This Court concludes that it would not be in the interests of justice to transfer or remand this case, and it will, therefore, deny the plaintiffs' motion.

### ORDER

For the foregoing reasons the plaintiffs' motion for transfer or for remand (Docket No. 5) is **DENIED.**

So ordered.

---

**1.** The fact that the attorneys for both sides are from Boston does not, in this Court's opinion, constitute good cause.